TALCOTT, APPELLANT, *v.* FULLERTON, APPELLEE.

(No. 418—Decided August 21, 1941.)

*Messrs. Payer, Corrigan, Bleiweiss & Cook,* for appellant.

*Mr. Seth Paulin,* city solicitor, and *Mr. William M. Hubbard,* for appellee.

CARTER, P. J.  Plaintiff, appellant herein, is a resident of the city of Painesville, Ohio, and for the past twenty years has held the position of assistant manager at the Painesville municipal light plant under the protective provisions of the civil service laws of the state of Ohio.

On the 22nd day of May 1941, defendant, appellee herein, acting in his official capacity as city manager, and without first consulting with or obtaining the approval of city council, served upon appellant an order of discharge from his position, together with specifi-

cations incorporated therein alleging grounds justifying plaintiff's discharge. By virtue thereof appellant was discharged as of June 4, 1941.

Prior to the time appellee's order of discharge became effective, appellant filed his petition in the Court of Common Pleas of Lake county seeking an injunction restraining and enjoining appellee from carrying his order of discharge into effect. In his petition appellant alleges that for the past twenty years he has been employed as an assistant manager at the Painesville municipal light plant; that he was appointed to this position and holds it under the civil service laws of the state of Ohio; that, on the 22nd day of May 1941, the appellee, city manager of the city of Painesville, appointed to such position by the city council and holding such office by virtue of the provisions of the Code of the state of Ohio, maliciously and out of personal pique served upon the appellant an order of discharge and specifications of facts and without the authority and approval of the council of the city of Painesville; that the action of appellee was malicious, illegal and contrary to law; that the laws of the state of Ohio governing the operation of the city of Painesville give the city manager no right to discharge the appellant, or any other employee of that city; that the right is expressly conferred by statute upon city council; that because of appellant's long service in his position as a municipal employee he has acquired retirement rights, the value of which it is at this time impossible to estimate; that he also has acquired rights as an employee of the city of Painesville to participate in promotional examinations, the value of which it is impossible to estimate; that unless appellee is restrained appellant will be damaged by such discharge; and that he has no adequate remedy at law.

To this petition a demurrer was filed by appellee alleging that the facts stated therein do not constitute

a cause of action against appellee. The lower court sustained the demurrer and, appellant not desiring to plead further, his petition was dismissed at his cost. Appeal is prosecuted to this court.

The city of Painesville is operating under a city manager plan of government, as provided by Sections 3515-19 to 3515-28, General Code.

The question presented for consideration and determination is set forth in appellant's brief as follows: On which person or body does the law of the state of Ohio confer the power, right and authority to order the discharge of the appellant in compliance with the civil service law, the city council of the city of Painesville or the appellee city manager?

Appellee in his brief states the question presented to be as follows: Has the city manager authority to prefer charges and remove a civil service employee, or does that power under the statutes of the state rest with the council of the city of Painesville? It is the contention of appellant that the city manager is without such authority and that such power rests with the city council; the appellee contends that such power and authority rests with the city manager.

The determination of the question involved requires construction of the statutes of the state applicable to the form of government adopted by the city of Painesville, to wit, the city manager plan, it being alleged and conceded that appellant is a civil service employee protected by the provisions of the civil service laws of the state.

Section 3515-23, General Code, provides in part as follows:

"The powers conferred upon municipalities by the Constitution of Ohio and any additional powers which have been or may be conferred upon municipalities by the General Assembly shall be exercised by the council, unless the exercise of such powers shall have been

expressly conferred upon some other authority of the municipality or reserved to the people thereof * * *.''

. Section 3515-25, Page's General Code (103 Ohio Laws, 772), provides:

''Subject to the provisions of this act, the council shall have authority to create and discontinue departments, offices and employments; *to appoint or provide for the appointment of all officers and employees of the municipality; to remove any such officer or employee by a majority vote of all members* * * *.'' (Italics ours.)

Section 3515-27, General Code, provides:

''The duties of the city manager shall be: (a) to see that the laws and ordinances are faithfully executed; (b) to attend all meetings of the council at which his attendance may be required by that body; (c) to recommend for adoption to the council such measures as he may deem necessary or expedient; (d) to appoint all officers and employees in the classified service of the municipality, subject to the provisions of this act and the civil service law; (e) to prepare and submit to the council such report as may be required by that body, or as he may deem advisable to submit; (f) to keep the council fully advised of the financial condition of the municipality and its future needs; (g) to prepare and submit to the council a tentative budget for the next fiscal year; (h) and to perform such other duties as the council may determine by ordinance or resolution; (i) and to sign all contracts and bonds for and on behalf of the municipality.''

At first blush Sections 3515-25 and 3515-27, General Code, might appear inconsistent, one section providing that council shall appoint and discharge all officers and employees of the municipality, and the other section providing that the city manager shall appoint all officers and employees in the classified service of the municipality. Clearly the Legislature intended that the council should·appoint all officers and employees not

in the classified service of the municipality. In other words, council appoints all officers and employees not in the classified service while the appointing power as to classified officers and employees is vested in the city manager. We must conclude that the Legislature had something in view in the enactment of both sections. Giving this construction to these sections, both may stand and are not inconsistent. While these sections were enacted at the same time by the Legislature, nevertheless, it might be proper to point out that Section 3515-27, General Code, is found in the latter portion of the enactment. If such fact has any significance then Section 3515-27, General Code, was at least written into the enactment subsequent to Section 3515-25, General Code. It is our conclusion that the city manager under the provisions of Section 3515-27, General Code, is authorized and has the power to appoint all civil service officers and employees in the classified service of the municipality.

Did the city manager in the case at bar have the power and authority to discharge appellant? We think Section 486-17a, General Code, determines this question. After providing for tenure of officers and employees in the classified service the statute further provides:

"In all cases of removal the *appointing* authority shall furnish such employee or subordinate with a copy of the order of removal and his reasons for the same, and give such officer, employee or subordinate a reasonable time in which to make and file an explanation. Such order with the explanation, if any, of the employee or subordinate shall be filed with the commission. Any such employee or subordinate so removed may appeal from the *decision or order of such appointing authority* to the state or municipal commission, as the case may be, within ten days from and after the date of such removal, in which event the commission

shall forthwith notify the appointing authority and shall hear, or appoint a trial board to hear, such appeal within thirty days from and after its filing with the commission, and it may affirm, disaffirm or modify the *judgment of the appointing authority,* and the commission's decision shall be final * * *." (Italics ours.)

A reading of this section clearly indicates that the Legislature intended that the appointing authority should have the power and authority to discharge. No other inference can be drawn from the provisions of this section.

It is therefore our conclusion that in the case at bar the city manager had the right to file the charges and, if sustained, had the right to remove appellant.

We think the court was not in error when it sustained the demurrer. The judgment of the lower court is affirmed.

*Judgment affirmed.*

PHILLIPS and NICHOLS, JJ., concur.